HIRSCHL, d. b. a. DIAMOND FURNACE CO. v. RICHARDS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Lieghley, Halle, Haber & Berick and Philip Novitch, Cleveland, for Hirschl.

Davis, Young & Vrooman, Cleveland, for Richards, et.

VICKERY, J.

PERSONAL PROPERTY
(420 S) In action on note for purchase price of furnace installed in defendant's home, in which defendant made no offer to return furnace, rescind contract, or put plaintiff in statu quo, recovery by defendant of amount already paid for furnace for breach of warranty and retention of furnace in home was erroneous.

GUARANTY
(280 W) Where there was breach of warranty as to what furnace installed in purchaser's home would do, that could be compensated in damages, purchaser, sued for purchase price of furnace, should have proven damages, and would have been entitled to recoupment to that extent, and no more.

CONTRACTS
(150 R3) In action on note for purchase price of furnace, in which defendant pleaded breach of warranty as to what furnace would do, but made no effort to rescind contract or to return furnace, court erred in charging doctrine of rescission.

TRIAL
(590 Cc2) In action on note for purchase price of furnace, in which defendant pleaded breach of warranty as to what furnace would do, but made no effort to rescind purchase, court erred in charging Sales Act or any sections thereof.

(Sullivan, P.J. and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

STALTER & ESSEX COAL CO. v. PEOPLES, et.

Ohio Appeals, 4th Dist., Meigs Co.

D. Curtis Reed, Pomeroy, and H. C. Allread, Columbus, for Coal Co.

Hollis C. Johnston, Gallipolis, and Peoples & Peoples, Pomeroy, for Peoples.

MIDDLETON, P.J.

DEBTOR and CREDITOR—Real Estate (510 L4c)
(210 A) Where amount of minimum royalties due under coal-mining lease, providing that minimum of 36,000 tons of coal shall be mined annually at royalty of 10 cents per ton, was not disputed, and question as to amount thereof was not raised in meeting to adjust disputed claims between lessor's and lessee's representatives, lessor's acceptance of lessee's check specifying items for which payment was made, and reciting, "This voucher is tendered in full settlement of all claims and demands to date," held not conclusive as accord and satisfaction against lessors as matter of law, but it was for jury to determine question under the evidence.

CONTRACTS
(150 Da) Payment of unliquidated demand in full of all claims held not to discharge liquidated demand for much larger sum. (Mauck, J. concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.